UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALENTI AGGIO, et al.,

       Plaintiffs,

       v.

ESTATE OF JOSEPH AGGIO

       Defendant.
_____/

No. C 04-4357 PJH

**ORDER DENYING MOTION TO DISMISS**

Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim came on for hearing before this court on September 7, 2005. Plaintiffs appeared by their counsel James A. Bruen and Louise A. Warren, and defendant appeared by counsel for Sequoia Insurance Company ("Sequoia"), John L. Kortum and Jennifer L. Madsen. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

**INTRODUCTION**

Plaintiffs in this action seek "recovery of response costs" for clean-up of environmental contamination, under § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a); and also seek

contribution under the California Hazardous Substances Account Act ("HSAA"), Cal. Health & Safety Code § 25300, et seq. In addition, plaintiffs assert state law claims for nuisance, equitable indemnity, unjust enrichment, and seek a judicial declaration of the parties' respective rights and obligations under CERCLA, HSAA, and other federal and state laws.

Sequoia now moves for an order dismissing the case for lack of subject matter jurisdiction and failure to state a claim, arguing that the Supreme Court's recent decision in Cooper Indus., Inc. v. Aviall Servs., Inc., 125 S.Ct. 577 (2004), taken in conjunction with the Ninth Circuit's decisions in Western Properties Serv. Corp. v. Shell Oil Co., 358 F.3d 678 (9th Cir. 2004), and Pinal Creek Group v. Newmont Mining Corp., 118 F.3d 1298 (9th Cir. 1997), compel a finding that plaintiffs cannot allege a claim under CERCLA § 107(a).

## BACKGROUND

Joseph Aggio owned a 156-acre parcel of real property located at 7395 Stony Point Road, in Cotati, California ("the Site"), from 1947 until his death in 1988. For approximately three and a half years of that time – from October 1, 1981, to May 30, 1985 – he was insured under two Personal Catastrophe Liability Policies issued by Sequoia.

After Joseph Aggio died, ownership of the Site passed to his widow. When the widow died in 1989, ownership passed to their three sons, Sebastian, Livio, and Valenti Aggio. The Aggio brothers sold the Site to the Marvin K. Soiland Family Trust in 1998. Sebastian Aggio died in 2001, and his widow Dorothy acquired his interest.

Between 1958 and 1996, an approximately 10-acre portion of the Site was leased to the Cotati Rod & Gun Club ("CRGC"), which operated trap and target ranges. These activities resulted in the deposit of lead shot, clay target waste, and other materials on and under the Site and on and under property adjoining the Site. Plaintiffs contend that some of the substances deposited by CRGC's activities constitute "hazardous substances," as defined in CERCLA and HSAA, and that their release into the environment caused contamination at the Site. The CRGC filed for bankruptcy protection in 2001.

The plaintiffs in this action are Valenti, Livio, and Dorothy Aggio. The defendant is the

Estate of Joseph Aggio.[1] Plaintiffs have already litigated or resolved their claims against the CRGC and the Marvin K. Soiland Family Trust that are related to remediation of the Site. In 2003, after CRGC filed for bankruptcy protection, plaintiffs entered into a voluntary cleanup agreement with the California Department of Toxic Substances and Control.

Plaintiffs filed this action on October 14, 2004. The original complaint asserted a claim for contribution under CERCLA § 113(f). In December 2004, the U.S. Supreme Court ruled in Aviall that a private party who has not been sued under § 106 or § 107(a) of CERCLA may not obtain contribution under § 113(f) from other potentially responsible parties (PRPs). Aviall, 125 S.Ct. at 584.

Sequoia is defending the Estate of Joseph Aggio in its capacity as liability insurer. On May 17, 2005, Sequoia filed a motion to dismiss the CERCLA cause of action for failure to state a claim and for lack of subject matter jurisdiction, based on the ruling in Aviall. The parties subsequently stipulated to the filing of a first amended complaint (FAC), which was filed on June 16, 2005. In the FAC, plaintiffs dropped the CERCLA § 113(f) contribution claim, and added a new claim for "recovery of response costs" under CERCLA § 107(a).

On July 18, 2005, Sequoia filed a motion to dismiss the FAC, arguing that plaintiffs can assert only a claim for "contribution" – not "recovery of response costs" – under CERCLA; that under Pinal Creek, claims for contribution are governed by § 113(f) even though they may arise under § 107(a); and that the rule articulated in Aviall – that a private party who has not been sued under § 106 or § 107(a) of CERCLA may not sue other PRPs for contribution under § 113(f) – therefore also applies to private parties suing other PRPs for contribution under § 107(a).

Sequoia also contends that if the CERCLA claim is dismissed, the court should decline to exercise supplemental jurisdiction over the remaining claims, and should dismiss the claim

---

[1] The general rule is that a probate or trust estate is not a legal entity but rather simply a collection of assets and liabilities. Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1150 (9th Cir. 1998). However, in actions where a decedent is protected by insurance, California statutes require that the estate be named as defendant. See Cal. Prob. Code §§ 552, 553.

1 for declaratory relief for lack of subject matter jurisdiction.

**DISCUSSION**

A.  Legal Standards

    1.  Subject Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over this complaint when challenged under Fed. R. Civ. P. 12(b)(1). See id.; see also Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). The defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Here, since the defendants challenge jurisdiction over certain claims of the complaint solely as a matter of law, all allegations of the complaint are taken as true and all disputed issues of fact are resolved in favor of the non-moving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990).

    2.  Failure to State a Claim

A court should dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only where it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).

B.  Recovery of Response Costs and Contribution under CERCLA

CERCLA § 107(a) numerates four classes of PRPs and provides that they "shall be liable" for

4

> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and
>
> (D) the costs of any health assessment or health effects study carried out under section 9604(i) of this title.

42 U.S.C. § 9607(a)(4)(A)-(D).

The federal government may clean up a contaminated area itself, under CERCLA § 104, or may compel responsible parties to perform the cleanup, under CERCLA § 106(a). Under § 107(a)(4)(A), the federal government, or a state that has incurred response costs, may recover those costs from the responsible parties. "Innocent landowners" – that is, landowners who are not PRPs – may seek recovery of response costs from PRPs under § 107(a)(4)(B).

After CERCLA's enactment, litigation ensued over the question whether a private entity that had been sued in a "cost recovery" action (by either the government or another PRP) could obtain "contribution" from other PRPs. See Aviall, 125 S.Ct. at 581. As originally enacted, CERCLA contained no provision expressly providing for a right of action for contribution. Nonetheless, a number of courts held that a right of contribution arose either impliedly from provisions of the statute or as a matter of federal common law. Id.

Congress amended CERCLA in the Superfund Amendments and Reauthorization Act of 1986 (SARA) to provide an express cause of action for contribution, codified as CERCLA § 113(f)(1). This new provision authorized "any person" to seek "contribution from any person who is liable or potentially liable" under § 106 or § 107(a), and stated that "[n]othing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under" § 106 or § 107(a). SARA also created a separate express right of contribution for any "person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an

5

administrative or judicially approved settlement." See id. at 581-82.

In 1994, the U.S. Supreme Court stated in dicta in Key Tronic Corp. v. United States, 511 U.S. 809 (1994) that § 113(f) "now expressly authorizes a cause of action for contribution in § 113 and impliedly authorizes a similar and somewhat overlapping remedy in § 107." Key Tronic, 511 U.S. at 816. Relying on this statement, the Ninth Circuit in Pinal Creek found that "a claim for contribution . . . is imbedded in the text of § 107," noting that "most courts had so held even before Congress settled the issue by enacting § 113(f)." Pinal Creek, 118 F.3d at 1301 (citing Key Tronic, 511 U.S. at 814-16).

In Aviall, the Supreme Court held that a private party who has not been sued under § 106 or § 107(a) may not obtain contribution under § 113(f)(1) from other liable parties. Although the Court characterized as "debatable" the conclusion that an implied right of contribution arises from § 107 or as a matter of federal common law, in light of previous Supreme Court decisions that refused to recognize implied or common-law rights to contribution in other federal statutes, see Aviall, 125 S.Ct. at 581, the Court specifically declined to rule on either the question whether a PRP who voluntarily takes action to abate contamination can recover costs under § 107(a)(4)(B), or the question whether a PRP has an implied right to contribution under § 107(a). Id. at 584-86. The Court remanded the case to the Fifth Circuit for consideration of the § 107(a) claim. To date, neither the Fifth Circuit nor any other circuit has ruled on this issue.

C.  Motion to Dismiss

Sequoia argues that because plaintiffs have not asserted their CERCLA claim for contribution during or following a civil action under § 106 or § 107(a), the claim must therefore be dismissed for lack of subject matter jurisdiction. Sequoia asserts in addition that the claim must be dismissed because it does not satisfy the requirements of § 113(f), and because plaintiffs have not alleged facts that meet the demands of that section.

Relying on Pinal Creek, 118 F.3d at 1301-02 ("contours and mechanics" of right to contribution are governed by § 113; "while § 107 created the right of contribution, the "machinery" of § 113 governs and regulates such actions, providing the details and explicit

6

recognition that were missing from the text of § 107"); and Western Properties, 358 F.3d at 685 (enactment of § 113 in 1986 did not replace implicit right to contribution many courts had recognized in § 107(a); rather, § 113 determines "contours" of § 107), Sequoia argues that in the present action, the "machinery" of § 113(f) precludes a claim for contribution by plaintiffs because there is no pending civil action under § 106 or § 107(a) (as required by Aviall). Thus, Sequoia asserts, the § 107(a) claim must be dismissed.

Plaintiffs acknowledge that Aviall rules out a § 113(f) claim in the absence of a prior action under § 106 or § 107(a), or a judicially approved settlement. They also recognize that a claim by one PRP against another under § 107(a) is necessarily one for contribution, not recovery of response costs. See Pinal Creek, 118 F.3d at 1301. They contend, however, that the Supreme Court in Aviall expressly left open the question whether § 107(a) provides an avenue for recovery by PRPs, such as the plaintiffs here.

They note that the Ninth Circuit has consistently held that PRPs have an implied right to contribution under § 107(a), and assert that district courts within the Ninth Circuit that have ruled post-Aviall agree that PRPs may seek contribution under § 107(a) even in the absence of a prior or contemporaneous civil action or settlement. In support, they rely on two unpublished decisions from the Eastern District of California – Koutrous v. Goss-Jewett Co. of Northern Cal., Inc., 2005 WL 1417152 (E.D. Cal., June 16, 2005); Adobe Lumber, Inc. v. Taecker, 2005 WL 1367065 (E.D. Cal., May 24, 2005); and a third unpublished decision from the Northern District of California – Ferguson v. Arcata Redwood Co., LLC, 2005 WL 1869445 (N.D. Cal., Aug. 5, 2005).

Plaintiffs also argue that a finding that plaintiffs have no valid claim under § 107(a) would conflict with the "saving" clause of § 113, which provides that "[n]othing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under § 106 or § 107." 42 U.S.C. § 9613(f)(1). Plaintiffs contend that because PRPs had an implied right to seek contribution under § 107(a) before SARA was enacted, the saving clause of § 113 preserves this right, noting that the Aviall court stated that the saving clause "rebuts any presumption that the express right of contribution provided by

7

the enabling clause is the exclusive cause of action for contribution available to a PRP." Aviall, 125 S.Ct. at 584.

In reply, Sequoia contends that the Ninth Circuit's rulings in Pinal Creek and Western Properties support its position; that the cases in the Eastern and Northern Districts of California (Koutrous, Adobe Lumber, and Ferguson) were wrongly decided; and that the correct position is the one adopted by the Central District of California in City of Rialto v. U.S. Department of Defense (slip opinion, C.D. Cal., August 16, 2005), where the court granted judgment on the pleadings on the plaintiff's claim for contribution under § 107(a) because the contribution claim did not satisfy the requirements of § 113.

The court finds that the motion must be DENIED. Ninth Circuit authority recognizes that a PRP has an implied right to seek contribution under § 107(a). See Pinal Creek, 118 F.3d at 1301; Western Properties, 358 F.3d at 685. Moreover, the Supreme Court specifically declined to consider that very question in Aviall. Until the Supreme Court or the Ninth Circuit rules otherwise, this court is bound by the Ninth Circuit's pre-Aviall decisions. Further, the court is not persuaded by Sequoia's reading of the language in Pinal Creek and Western Properties. In referring to the "contours and mechanics" of the right to contribution and the "machinery" of § 113, the Ninth Circuit appears to have been alluding only to the "mechanism for apportioning . . . liability among responsible parties," see Pinal Creek, 118 F.3d at 1302 (citing United States v. ASARCO, Inc., 814 F.Supp. 951, 956 (D.Colo. 1993)) – specifically, to the principle that "only a claim for contribution lies between PRPs," see id. at 1301, combined with the principle that "CERCLA's claim for contribution creates several-only liability among PRPs, see id. at 1303.

As the parties have noted, four relevant decisions have issued post-Aviall from district courts within the Ninth Circuit. In three of those decisions (Koutrous, Adobe Lumber, and Ferguson), the courts found that even absent a claim under § 113(f), there is still an implied right of contribution under § 107(a), based on the Ninth Circuit's acknowledgment of that right in Pinal Creek. In addition, at least one of those decisions – Ferguson – held that Aviall did not impact the plaintiff's § 107(a) claim because the Supreme Court had declined to address

that issue. In the fourth decision (Rialto), the district court held that there is no implied right of contribution under § 107(a) because the Ninth Circuit had held in Pinal Creek, and affirmed in Western Properties, that § 113(f) "governs," "regulates," and "qualifies" a § 107(a) contribution action, and because the Supreme Court ruled in Aviall that a § 113(f) claim can only be brought by a PRP that has been sued.

Here, Sequoia argues that the Rialto analysis is the one the court should follow, while the plaintiffs argue that the analysis in Adobe/Koutrous/Ferguson is the better view. The court agrees with the courts in Adobe/Koutrous/Ferguson that the rule in Pinal Creek that § 107(a) has an implied right of contribution for PRPs is still the law in the Ninth Circuit, and that it was not overruled by Aviall.

## CONCLUSION

In accordance with the foregoing, the court DENIES the motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge