**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALENTI AGGIO, et al.,

    Plaintiffs,

    v.

ESTATE OF JOSEPH AGGIO,

    Defendant.
_____/

No. C 04-4357 PJH

**ORDER GRANTING MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b), AND ORDER STAYING CASE PENDING APPEAL**

Sequoia Insurance Company, in its capacity as insurer for defendant Estate of Joseph Aggio, seeks an order pursuant to 28 U.S.C. § 1292(b) for certification of a question for interlocutory appeal, and an order staying the action pending a ruling by the United States Court of Appeals. The court hereby GRANTS the motion, for the following reasons.

Plaintiffs in this action seek recovery of response costs for clean-up of environmental contamination, under § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a); and contribution under the California Hazardous Substances Act ("HSAA"), Cal. Health & Safety Code § 25300, et seq. Plaintiffs also assert state law claims for nuisance, equitable indemnity, and unjust enrichment, and seek a judicial declaration of the parties' respective rights and obligations under CERCLA, HSAA, and other federal and state laws.

On September 19, 2005, the court issued a written order denying defendant's motion to dismiss the CERCLA § 107(a) claim. Defendant had argued that under the United States Supreme Court's ruling in Cooper Indus., v. Aviall Servs., Inc., 543 U.S. 157, 125 S.Ct. 577, 583-84 (2004), a private party who has not been sued under either § 106 or

§ 107 of CERCLA may not sue other potentially responsible parties (PRPs) for contribution. The court denied the motion based on the Ninth Circuit's pre-Aviall ruling in Pinal Creek Group v. Newmont Mining Corp., 118 F.3d 1298 (9th Cir. 1997), in which the court held that there is an implied right of contribution under § 107(a). Sequoia now requests the court to certify the order for appeal.

The general rule is that an appellate court should not review a ruling from a district court until after entry of final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978). An exception to this general rule appears in 28 U.S.C. § 1292, which provides that certification of an interlocutory order for appeal is appropriate when the order involves a controlling question of law, as to which there is substantial ground for difference of opinion, and where a resolution thereof will materially advance the termination of the litigation. 28 U.S.C. § 1292(b). The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

The court finds that this case meets all three criteria stated above. First, the question whether a PRP must meet the CERCLA § 113 standing requirement to bring a contribution claim under CERCLA § 107(a) is a controlling question of law. A question of law is "controlling" if the resolution of the issue on appeal could materially affect the outcome of the litigation in the district court. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). A decision that the Aggio plaintiffs must meet CERCLA § 113 requirements when asserting an implied CERCLA § 107(a) contribution claim will materially affect the course of this litigation, as it will determine that the Aggios' federal CERCLA claims are not viable and must be dismissed.

Second, a substantial basis exists for a difference of opinion regarding the issue. Five decisions have been issued by district courts in California ruling on this question. In four of those – two decisions from the Eastern District of California, and two (including the decision in the present case) from this district – the courts ruled that a PRP has an implied right to seek contribution under § 107(a). In the fifth – a decision from the Central District

of California – the court ruled that there is no implied right of contribution under § 107(a). At least one of those district courts – the Eastern District of California in <u>Kotrous v.Goss-Jewett Co. of Northern Calif.</u>, 2005 WL 1417152 (E.D. Cal., June 16, 2005) – has granted the motion of the defendant in that case for certification pursuant to 28 U.S.C. § 1292(b).

Third, resolution of the question whether a PRP must satisfy CERCLA § 113 requirements when bringing a § 107(a) contribution claim will materially advance the underlying litigation. Although it is true, as plaintiffs assert in opposition to the motion, that discovery has closed, there remains nonetheless a significant amount of work necessary to litigate the case to its conclusion, including trial preparation and work on Sequoia's motion for summary judgment. Should the Ninth Circuit decide contrary to its pre-<u>Aviall</u> position, the CERCLA claim will be dismissed from the case, leaving only state law claims.

Accordingly, the motion is GRANTED. In addition, the action is hereby STAYED, pending a ruling by the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: January 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge